IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00797-BNB

LARRY ARTHUR SYME,

    Plaintiff,

v.

EL PASO COUNTY,
COLORADO STATE, and
MAGISTRATE ERIER,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 1 1 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED PRISONER COMPLAINT

---

Plaintiff, Larry Arthur Syme, currently is detained at the El Paso County Criminal Justice Center in Colorado Springs, Colorado. Mr. Syme initiated this action by filing a *pro se* Prisoner Complaint alleging that his constitutional rights have been violated. He seeks money damages.

The Court must construe the Prisoner Complaint liberally because Mr. Syme is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Syme will be ordered to file an Amended Prisoner Complaint, name only proper parties to the action, and assert personal participation by proper parties.

The Court has reviewed the Prisoner Complaint and finds that it is deficient. Defendant El Paso County is not a properly named party to the action. Municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their

employees inflict injury on a plaintiff. **Monell v. New York City Dep't of Social Servs.**, 436 U.S. 658, 694 (1978); **Hinton v. City of Elwood, Kan.**, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. **City of Canton, Ohio v. Harris**, 489 U.S. 378, 385 (1989). Mr. Syme cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. **See Monell**, 436 U.S. at 694.

Mr. Syme also may not sue the State of Colorado. The State of Colorado is protected by Eleventh Amendment immunity. **See Will v. Michigan Dep't of State Police**, 491 U.S. 58, 66 (1989); **Meade v. Grubbs**, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." **Ramirez v. Oklahoma Dep't of Mental Health**, 41 F.3d 584, 588 (10th Cir. 1994), **overrruled on other grounds by Ellis v. University of Kansas Medical Center**, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, **see Griess v. Colorado**, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, **see Quern v. Jordan**, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. **See Higganbotham v. Okla. Transp. Com'n**, 328 F.3d 638, 644 (10th Cir. 2003).

Furthermore, Mr. Syme should take note that a judge is absolutely immune from

liability in civil rights suits when he is acting in his judicial capacity. **See Mireles v. Waco**, 502 U.S. 9, 11-12 (1991); **Stump v. Sparkman**, 435 U.S. 349, 356-57 (1978); **Hunt v. Bennett**, 17 F.3d 1263, 1266-67 (10th Cir. 1994).

Mr. Syme also must assert personal participation by each named defendant. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Syme must name and show how a named defendant caused a deprivation of his federal rights. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Syme, therefore, will be directed to file an Amended Prisoner Complaint that clarifies who he is suing and alleges specific facts that demonstrate how each named Defendant personally participated in the asserted constitutional violation. In order for Mr. Syme to state a claim in federal court, his Amended "[C]omplaint must explain what each defendant did to him [ ]; when the defendant did it; how the defendant's action harmed him [ ]; and, what specific legal right [he] believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Syme file **within thirty days from the date of this Order** an Amended Prisoner Complaint that is in keeping with the instant Order and names the

proper parties to the action. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Syme, together with a copy of this Order, two copies of a Court-approved Prisoner Complaint form to be used in submitting the Amended Prisoner Complaint. It is

FURTHER ORDERED that if Mr. Syme fails to file an Amended Prisoner Complaint within the time allowed the action will be dismissed without further notice.

DATED May 11, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland  
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00797-BNB

Larry Arthur Syme
Prisoner No. 0900002028
CJC
2739 E. Las Vegas St.
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 5/11/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk